CENTER FOR DISABILITY ACCESS
Isabel Masanque, Esq., SBN 292673
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, <br><br> Plaintiff, <br><br> v. <br><br> **Sally R. Davis,** in individual and representative capacity as trustee of the Sally R. Davis Trust dated July 3, 1996; <br> **Martin M. Chorich,** in individual and representative capacity as trustee of the Sally R. Davis Trust dated July 3, 1996; <br> **Guiseppe Enterprises, Inc.**, a California Corporation; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Scott Johnson complains of Defendants Sally R. Davis, in individual and representative capacity as trustee of the Sally R. Davis Trust dated July 3, 1996; Martin M. Chorich, in individual and representative capacity as trustee of the Sally R. Davis Trust dated July 3, 1996; Guiseppe Enterprises, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

1

Complaint

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

2. Defendants Sally R. Davis and Martin M. Chorich, in individual and representative capacity as trustees of the Sally R. Davis Trust dated July 3, 1996, owned the real property located at or about 6200 Folsom Blvd., Sacramento, California, in October 2016.

3. Defendants Sally R. Davis and Martin M. Chorich, in individual and representative capacity as trustees of the Sally R. Davis Trust dated July 3, 1996, owned the real property located at or about 6200 Folsom Blvd., Sacramento, California, in December 2016.

4. Defendants Sally R. Davis and Martin M. Chorich, in individual and representative capacity as trustees of the Sally R. Davis Trust dated July 3, 1996, owned the real property located at or about 6200 Folsom Blvd., Sacramento, California, in February 2017.

5. Defendants Sally R. Davis and Martin M. Chorich, in individual and representative capacity as trustees of the Sally R. Davis Trust dated July 3, 1996, owned the real property located at or about 6200 Folsom Blvd., Sacramento, California, in May 2017.

6. Defendants Sally R. Davis and Martin M. Chorich, in individual and representative capacity as trustees of the Sally R. Davis Trust dated July 3, 1996, owned the real property located at or about 6200 Folsom Blvd., Sacramento, California, in June 2017.

7. Defendants Sally R. Davis and Martin M. Chorich, in individual and representative capacity as trustees of the Sally R. Davis Trust dated July 3, 1996, owned the real property located at or about 6200 Folsom Blvd.,

Complaint

Sacramento, California, in August 2017.

8. Defendants Sally R. Davis and Martin M. Chorich, in individual and representative capacity as trustees of the Sally R. Davis Trust dated July 3, 1996, owned the real property located at or about 6200 Folsom Blvd., Sacramento, California, in September 2017.

9. Defendants Sally R. Davis and Martin M. Chorich, in individual and representative capacity as trustees of the Sally R. Davis Trust dated July 3, 1996, own the real property located at or about 6200 Folsom Blvd., Sacramento, California, currently.

10. Defendant Guiseppe Enterprises, Inc. owned the Giovanni's Pizzeria located at or about 6200 Folsom Blvd., Sacramento, California, in October 2016.

11. Defendant Guiseppe Enterprises, Inc. owned the Giovanni's Pizzeria located at or about 6200 Folsom Blvd., Sacramento, California, in December 2016.

12. Defendant Guiseppe Enterprises, Inc. owned the Giovanni's Pizzeria located at or about 6200 Folsom Blvd., Sacramento, California, in February 2017.

13. Defendant Guiseppe Enterprises, Inc. owned the Giovanni's Pizzeria located at or about 6200 Folsom Blvd., Sacramento, California, in May 2017.

14. Defendant Guiseppe Enterprises, Inc. owned the Giovanni's Pizzeria located at or about 6200 Folsom Blvd., Sacramento, California, in June 2017.

15. Defendant Guiseppe Enterprises, Inc. owned the Giovanni's Pizzeria located at or about 6200 Folsom Blvd., Sacramento, California, in August 2017.

16. Defendant Guiseppe Enterprises, Inc. owned the Giovanni's Pizzeria located at or about 6200 Folsom Blvd., Sacramento, California, in September 2017.

Complaint

17. Defendant Guiseppe Enterprises, Inc. own the Giovanni's Pizzeria located at or about 6200 Folsom Blvd., Sacramento, California, currently.

18. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

19. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

20. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

21. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

22. Plaintiff has gone to Giovanni's Pizzeria on a number of occasions during the relevant statutory period, including October 2016, December

Complaint

2016, February 2017, May 2017, June 2017, August 2017 and September 2017.

23. Giovanni's Pizzeria is a facility open to the public, a place of public accommodation, and a business establishment.

24. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of Giovanni's Pizzeria.

25. Unfortunately, although parking spaces were one of the facilities specifically reserved for patrons, there were no compliant, accessible handicap parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG) during plaintiff's visits.

26. In fact, even though there is a sign suggesting that persons with disabilities can park in the parking space in front of it, this parking space and access aisle have faded to oblivion. There is no "NO PARKING" warning, no striping, etc.

27. Not surprisingly, vehicles park in this parking space and access aisle with impunity. The only thing remaining of this parking space is a faded International Symbol of Accessibility logo, which indicates that a parking space was once reserved for persons with disabilities in this location.

28. On information and belief, plaintiff alleges that there used to be compliant, maintained, accessible parking space in the parking lot prior to plaintiff's visits.

29. Plaintiff alleges, on information and belief, defendants allowed the parking space that was previously reserved for persons with disabilities to fade away into oblivion.

30. The defendants do not maintain the parking lot and have no policy whatsoever to keep the parking lot maintained.

31. Currently, there are no compliant, accessible parking spaces designed

5

Complaint

and reserved for persons with disabilities in the parking lot serving Giovanni's Pizzeria.

32. The defendants had no policy or plan in place to make sure that the accessible parking space reserved for persons with disabilities remained useable prior to plaintiff's visits.

33. The defendants have no policy or plan in place to make sure that the accessible parking space reserved for persons with disabilities remain useable, currently.

34. Outdoor dining tables at Giovanni's Pizzeria are another one of the facilities, privileges, and advantages offered by Defendants to patrons of the business.

35. The outdoor dining tables at Giovanni's Pizzeria were not designed to provide the knee clearance necessary for wheelchair users during Plaintiff's visits.

36. Currently, the outdoor dining tables at Giovanni's Pizzeria are not designed to provide the clearances necessary for wheelchair users during Plaintiff's visits.

37. Transaction counters are another one of the facilities, privileges, and advantages offered by Defendants to patrons of Giovanni's Pizzeria.

38. The transaction counter at Giovanni's Pizzeria was more than 36 inches high. In fact, the transaction counter at Giovanni's Pizzeria is 39 inches high.

39. There was no lowered, 36-inch or lower portion of the transaction counter at Giovanni's Pizzeria for use by persons with disabilities during any of Plaintiff's visits.

40. Currently, the transaction counter at Giovanni's Pizzeria is more than 36 inches high.

41. Currently, there is no lowered, 36-inch or lower portion of the transaction counter at Giovanni's Pizzeria for use by persons with disabilities.

Complaint

42. Plaintiff personally encountered these barriers.

43. These inaccessible conditions denied the plaintiff full and equal access and caused him difficulty and frustration.

44. The barriers existed during each of Plaintiff's visits in 2016 and 2017.

45. The plaintiff lives in the Sacramento area and shops and eats in the area on a regular basis. He ate at Giovanni's Pizzeria in December 2016, May 2017, June 2017, August 2017 and September 2017 and personally encountered the barriers. He visited Giovanni's Pizzeria on two other occasions but was deterred from going inside.

46. Plaintiff visited Giovanni's Pizzeria once in October 2016.

47. Plaintiff visited Giovanni's Pizzeria once in December 2016.

48. Plaintiff visited Giovanni's Pizzeria once in February 2017.

49. Plaintiff visited Giovanni's Pizzeria once in May 2017.

50. Plaintiff visited Giovanni's Pizzeria once in June 2017.

51. Plaintiff visited Giovanni's Pizzeria once in August 2017.

52. Plaintiff visited Giovanni's Pizzeria once in September 2017.

53. Plaintiff would like to return and patronize Giovanni's Pizzeria but will be deterred from visiting until the defendants cure the violations.

54. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

55. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

56. For example, there are numerous paint/stripe companies that will come

Complaint

and stripe a parking stall and access aisle and install proper signage on rapid notice, with very modest expense, sometimes as low as $300 in full compliance with federal and state access standards.

57. Accessible outdoor tables are sold at both general and commercial retail stores for less than $300.

58. Another common barrier removal project is modifying transaction counters to make a portion of the counter accessible. This is a simple construction task, well within the capabilities of any general contractor. The task can be completed easily and for a modest price.

59. Plaintiff is and has been deterred from returning and patronizing Giovanni's Pizzeria because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize Giovanni's Pizzeria as a customer once the barriers are removed.

60. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).

61. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants

Complaint

intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

62. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

63. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).
   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."
   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the

Complaint

    maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

64. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method, color of marking, and length of the parking space are to be addressed by State or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each parking space must be at least 216 inches in length. CBC § 11B-502.2 Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each such space must be identified with a reflectorized sign permanently posted adjacent to and visible from each stall or space. CBC § 1129B.4. The sign must consist of the International Symbol of Accessibility (♿) in white on a blue background. Id. It cannot be smaller than 70 square inches and must be mounted so that there is a minimum of 80 inches from the bottom of the sign to the parking space. Id. Signs must be posted so that they cannot be obscured by a vehicle parking in the space. Id. An additional sign or additional language below the symbol of accessibility must state, "Minimum Fine $250" to ensure that the space remains available for persons with disabilities. Id. Another sign must be posted in a conspicuous place at the entrance to the parking lot or immediately adjacent to each handicap parking space, with lettering 1 inch in height, that clearly and conspicuously warn that unauthorized vehicles parking in the handicap parking spaces can be towed at the owner's expense. Id. Additionally, the surface of the handicap parking stall must have a profile view of a wheelchair

Complaint

occupant (♿) that is 36 inches by 36 inches. Id. And the surface of the access aisle must have a blue border. CBC § 1129B.3. The words "NO PARKING" in letters at least a foot high must be painted on the access aisle. Id.

65. Here, there was no blue border around an access aisle or parking space, there was no "NO PARKING" lettering, no fine language, and the parking simply failed to comply.

66. Where fixed tables are provided, at least 5 percent, but not less than one, of the fixed tables shall be accessible. 1991 Standards § 5.1; 2010 Standards § 226.1. To be accessible, the table surface cannot be higher than 34 inches above the floor. 1991 Standards § 4.32.4; 2010 Standards § 902.3. Moreover, there must be knee clearance for wheelchair users measuring at least 27 inches high, 30 inches wide, and 19 inches deep. 1991 Standards § 4.32.3; 2010 Standards § 306.3 (the 2010 Standards require a different depth, relative to other clearances).

67. The defendants' failure to provide accessible tables with the proper clearances is a violation of the ADA.

68. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

69. Here, no such accessible transaction counter has been provided in violation of the ADA.

70. A public accommodation must maintain in operable working condition

those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

71. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

72. Given its location and options, plaintiff will continue to desire to patronize Giovanni's Pizzeria but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

73. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

74. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

75. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

76. Although the plaintiff was markedly frustrated by facing discriminatory barriers and this frustration possibly qualifies as an emotional distress injury, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest frustration and physical personal injury greater than the amount of the statutory damages.

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: January 5, 2018        CENTER FOR DISABILITY ACCESS

By: *Isabel P. M*
_____
Isabel Masanque, Esq.
Attorney for plaintiff